UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHNNY McMILLIAN,

                Plaintiff,

       v.

NEW YORK CITY and NEW YORK CITY
POLICE DEPARTMENT,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-418 (MKB)

---

MARGO K. BRODIE, United States District Judge:

    Plaintiff Johnny McMillian, proceeding *pro se*, filed the above-captioned action on November 21, 2017 against Defendants New York City and the New York City Police Department ("NYPD") in the Southern District of New York, alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (Compl., Docket Entry No. 2.) On January 12, 2018, the Southern District of New York transferred the action to the Eastern District of New York. (Transfer Order, Docket Entry No. 4.) On February 9, 2018, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 9.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Amended Complaint and grants Plaintiff leave to file a second amended complaint within thirty (30) days of this Memorandum and Order.

---

[1] In a "declaration" dated December 5, 2017, Plaintiff seeks an order to release the identities of two confidential informants ("CIs"), and seeks discovery of information about these CIs. (Pl. Decl., Docket Entry No. 3.) In view of the Court's ruling dismissing the Complaint, the Court declines to rule on Plaintiff's request at this time.

I. **Background**

The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

Plaintiff alleges that on July 8, 2016, a "no knock warrant" was issued for his apartment at 2324 Pitkin Avenue, but "nothing was found" and the case against him was dismissed. (Compl. at 5–6.)² The NYPD seized $1148 in rent money from Plaintiff, providing a voucher for the seizure. (*Id.* at 6.) All of Plaintiff's personal property was destroyed. (*Id.*) Plaintiff seeks $25 million in damages. (*Id.*) In "Attachment A" to the Complaint, Plaintiff also requests a conference between the parties, a "stay away" order against the NYPD, and the return of the $1148 taken from Plaintiff's apartment during the search. (*Id.* at 8.)

Prior to filing the Complaint, Plaintiff filed a similar action with the Court on September 6, 2016, alleging that officers from the NYPD entered his residence on July 9, 2016, without probable cause or a search warrant. *See McMillian v. North Core Studios*, No. 16-CV-5002 (E.D.N.Y. filed Sept. 6, 2017) ("*McMillian I*"). On February 1, 2017, the Court dismissed Plaintiff's Third Amended Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B), and permitted Plaintiff to file a fourth amended complaint within thirty days of the decision. *McMillan v. North Core Studios*, No. 15-CV-5002, 2017 WL 473844, at *3 (E.D.N.Y. Feb. 1, 2017). On May 4, 2017, the Court dismissed *McMillian I* after Plaintiff failed to file a fourth amended complaint. *McMillian v. North Core Studios*, No. 16-CV-5002, Order dated May 4, 2017, Docket Entry No. 12.

---

² The Court refers to the original Complaint as Plaintiff did not make any substantive changes to the original Complaint, and because Plaintiff did not attach to the Amended Complaint the documents attached to the Complaint. (*See* Am. Compl. 6, Docket Entry No. 9 ("The complaint is the same nothing has changed and there will be no modification.").)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff's section 1983 claim against the NYPD

Plaintiff cannot proceed against the NYPD because it is an agency of the City of New York. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City

3

departments [and agencies, such as the NYPD], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *see also Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City of New York, not an agency). The Court therefore dismisses Plaintiff's claim against the NYPD.

### c. Plaintiff's section 1983 claim against the City of New York

Construing Plaintiff's claims "to raise the strongest argument they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), Plaintiff alleges an action for false arrest and unlawful search or seizure under 42 U.S.C. § 1983.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To sustain a claim for relief under section 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

A municipality, like the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. &*

*N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). In general, proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that the incident occurred pursuant to one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick v. Erie Cty. Water Auth.,* 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

Plaintiff does not allege any unconstitutional policy or custom that would confer municipal liability. (*See* Compl.) Accordingly, the Court dismisses Plaintiff's Amended Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### d. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a second amended complaint within thirty (30) days of this Memorandum and Order. Any further amended complaint should identify the unconstitutional policy or custom that caused the alleged violation of Plaintiff's constitutional rights, and/or the individuals Plaintiff believes are

5

responsible for the alleged deprivation of his constitutional rights.  If Plaintiff does not know the names and badge numbers of the police officers, he may identify each of them as John/Jane Doe Police Officer #1, #2, and so forth, along with any physical description and place of employment, such as the police precinct, if known.[3]  Plaintiff must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of Plaintiff's rights.

A second amended complaint completely replaces the prior complaints filed in this action.  Plaintiff must succinctly state, in the second amended complaint, all of his claims against each of the defendants whom he believes directly violated his rights, and do so in accordance with the instructions noted above.  The second amended complaint must be captioned "Second Amended Complaint" and bear the same docket number as this Memorandum and Order.

### III. Conclusion

Accordingly, the Court dismisses the Amended Complaint for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  The Court grants Plaintiff leave to file a second amended complaint within thirty (30) days of the date of this Memorandum and Order.  If Plaintiff fails to file a second amended complaint within thirty (30) days, the Court will enter judgment dismissing this action for the reasons set forth above.  All further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

---

[3] In a "declaration" dated December 5, 2017, Plaintiff seeks an order to release the names and identities of two confidential informants ("CIs"), and seeks discovery of information about these CIs.  (Pl. Decl., Docket Entry No. 3.)  In view of the Court's ruling dismissing the Complaint, the Court declines to rule on Plaintiff's request at this time.

Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 28, 2018
      Brooklyn, New York