UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHNNY McMILLIAN,

               Plaintiff,

          v.

NORTH CORE STUDIOS and
WINCHESTER KEYS,

               Defendants.

---

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-418 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Johnny McMillian, proceeding *pro se*, filed the above-captioned action on November 21, 2017, against Defendants New York City and the New York City Police Department in the Southern District of New York, alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 2.) On January 12, 2018, the Southern District of New York transferred the action to the Eastern District of New York. (Transfer Order, Docket Entry No. 4.) On February 9, 2018, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 9.)

    By Memorandum and Order dated June 28, 2018 (the "June 2018 Decision"), the Court granted Plaintiff's request to proceed *in forma pauperis*, but dismissed the Amended Complaint for failure to state a claim, with leave to file an amended complaint within thirty (30) days of the June 2018 Decision. (June 2018 Decision, Docket Entry No. 10.)

    On October 4, 2018, well past the deadline for doing so, Plaintiff filed a Second Amended Complaint ("SAC") against Winchester Keys and North Core Studios, an apartment

building located at 2324 Pitken Avenue in Brooklyn, New York, where Plaintiff resides.[1] (SAC, Docket Entry No. 11.) For the reasons set forth below, the Court dismisses the action.

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

---

[1] Plaintiff appears to have withdrawn his claims against New York City and the New York City Police Department. Because Plaintiff alleges new and unrelated claims against new and unrelated Defendants in the Second Amended Complaint ("SAC"), Plaintiff is required to file a separate action. Nevertheless, the Court addresses Plaintiff's allegations in this Memorandum and Order and dismisses the claims. If Plaintiff refiles a complaint against the Defendants, Plaintiff must bring a separate action.

### b. Section 1983 claims

Plaintiff alleges that Defendants violated his rights under the First and Fourth Amendments. (SAC 4–5.)

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

"To act under color of state law or authority for purposes of section 1983, the defendant must 'have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)); *see United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). "It is 'axiomatic that under color of law means pretense of law and

that acts of officers in the ambit of their personal pursuits are plainly excluded.'" *Monsky*, 127 F.3d at 245 (quoting *Pitchell v. Callan*, 13 F.3d 545, 547–48 (2d Cir. 1994)). Furthermore, "[m]ore is required than a simple determination as to whether [the defendant] was on or off duty when the challenged incident occurred . . . . In short, courts look to the nature of the [defendant's] act, not simply his duty status." *Pitchell*, 13 F.3d at 548.

Plaintiff has not alleged any state action in the SAC. Defendants Winchester Keys and North Core Studios are private parties and Plaintiff does not allege that they were acting under color of law. Accordingly, Plaintiff's section 1983 claims are dismissed for failure to state a claim upon which relief may be granted. *See Azkour v. Bowery Residents Comm., Inc.*, 646 F. App'x 40, 41 (2d Cir. 2016) (affirming dismissal of a Section 1983 claim because the defendant was a private entity, not a state actor).

### III. Conclusion

Accordingly, the Court dismisses the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED:

    s/ MKB  
MARGO K. BRODIE  
United States District Judge

Dated: October 22, 2018  
      Brooklyn, New York